**Kenneth W. COOK, Administrator, Texas Alcoholic Beverage Commission, Relator,**

v.

**Franklin S. SPEARS, Judge, et al., Respondents.**

No. B–5059.

Supreme Court of Texas.

June 11, 1975.

Rehearing Denied July 16, 1975.

John L. Hill, Atty. Gen., Joe B. Dibrell and Max P. Flusche, Jr., Asst. Attys. Gen., Austin, for relator.

Soloman Casseb, Jr., and Jack Paul Leon, San Antonio, for respondents.

POPE, Justice.

Kenneth W. Cook, Administrator, Texas Alcoholic Beverage Commission, by this mandamus proceeding asks this court to compel the respondent, Franklin S. Spears, Judge of the 57th Judicial District, to set aside certain orders made in connection with an appeal from an order suspending a permit. It is our opinion that the decision of the Alcoholic Beverage Commission has now become final and that a mandamus would be meaningless. It is for that reason that we deny the petition for mandamus.

On October 25, 1974, the Alcoholic Beverage Commission, after a hearing, ordered a five-day suspension of the private club exemption certificate permit issued to Mike Sfair, d/b/a Commander's Room in San An-

tonio. On November 1, the permittee appealed to the district court pursuant to the provisions of Section 7a, Article 666–15e, Tex.Penal Aux.Laws (1974). On that same day the district judge set aside the Commission's suspension order pending the trial on appeal. See Section 7a(d), Article 666–15e, Tex.Penal Aux.Laws (1974).

Notwithstanding Section 7a(c) of the Liquor Control Act which requires a trial within ten days, the case was not set until December 13. When the case was called for trial on December 13, the permittee moved for a continuance but agreed to try the case on January 8, 1975. The parties agreed that the suspension order would remain in effect pending the hearing on that date. On January 8, the permittee urged two motions, one for continuance; the other to compel the Commission to disclose the name of an unidentified informant. The trial court granted both motions, but it also stayed its order requiring the Commission to disclose the identity of the informant pending an application to this court for a writ of mandamus.

The Commission's first contention is that the trial court has lost jurisdiction because the time for a trial on appeal has now ended by reason of Article 666–15e, Section 7a(c) of the Texas Liquor Control Act.[1] The Commission emphasizes the significance of Section 7a(c) and its requirement that "All such causes shall be tried before the judge within ten (10) days . . . ."

The appeal in this case was not set for trial until forty-three days after the appeal was filed. It was then continued on two occasions.

The legislative history of the appeal provisions of the Alcoholic Beverage Act forecloses any idea that the statute means only that the trial on appeal shall be an expeditious one. Article 666–14 of the Texas Liquor Control Act provides generally for appeals from Commission orders. When Article 666–14 was first enacted in 1935, the statute required only that the appeal be tried within ten days or at the earliest possible time thereafter.[2] In 1937, the Legislature amended the section by strictly limiting the time for a trial on appeal to ten days from the date an appeal is filed.[3]

In 1965, Article 666–15e was added to the Liquor Control Act by the Acts of the 57th Legislature when the Legislature authorized the licensing of private clubs. Section 7a of Article 666–15e contains its own provision for appeals, but it is expressed in the same limiting language used in Article 666–14, subd. c. We conclude that the time for an appeal endured for ten days and that there is no authority to extend that time.

The Legislature in enacting Section 7a, Article 666–15e, also included the statement that the requirement for a ten-day trial, as well as other requirements not here in point, "shall be considered literally." The statute leaves no room for interpretation or

---

1. 7a. An appeal from any order of the Board or Administrator under this section refusing, cancelling or suspending a permit or license must be taken to the District Court of the county in which the private club permit is sought. The proceeding on appeal shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.:

    (a) . . .
    (b) . . .
    (c) All such causes shall be tried before the judge within ten (10) days from the filing thereof, and neither party shall be entitled to a jury.

2. Such cause shall be tried before the Judge of such Court within ten (10) days after the docketing of the cause, or *in the earliest possible time after such ten (10) day period, in the event the Judge is not able to try such cause within such ten (10) day period.* Tex. Laws, 2d Spec.Sess. 1935, ch. 467, Art. I, § 14, at 1795. (Emphasis added.)

3. 14c. All such causes shall be tried before the Judge within ten (10) days from the filing thereof, and neither party shall be entitled to a jury. Tex.Laws 1937, ch. 448, § 15, at 1053.

discretion. There was a limited right to a trial on appeal and that right was exhausted ten days after November 1, 1974.

The proceedings which occurred after ten days from November 1, 1974, were void because the right to a trial on appeal was lost. See Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.1970); State v. Bush, 151 Tex. 606, 253 S.W.2d 269 (1952); City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951). The relator's prayer for a mandamus ordering the trial court to set aside its orders for continuance and discovery are denied, because those matters are now immaterial. The appeal and proceedings on appeal which occurred after ten days from the filing of the appeal are functus officio, and the Commission's suspension order has now become final and enforceable.