TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,

v.

Emma D. VALENCIA, d/b/a La Morenita, Appellee.

No. 6451.

Court of Civil Appeals of Texas, El Paso.

July 23, 1975.

Rehearing Denied Aug. 13, 1975.

John L. Hill, Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell,

**736**

John H. Richards, Asst. Attys. Gen., Austin, for appellant.

Rocha, Carabin, Tutt & Rosenberg, P. C., Thomas Rocha, Jr., San Antonio, for appellee.

## OPINION

OSBORN, Justice.

This case involves a Beer Retail Off-Premise License which was cancelled by the Texas Alcoholic Beverage Commission in an order dated August 9, 1974, following a hearing the preceding day. On August 14, 1974, Appellee filed an appeal from the cancellation order in the District Court of Midland County and obtained an order suspending the Commission's order pending a trial on the merits and setting the case for trial on September 17, 1974.

The case was called for trial on October 21, 1974, with all the parties present and ready. Counsel for Appellee contended that under the holding in *Richardson v. City of Pasadena*, 513 S.W.2d 1 (Tex.1974), Appellee had been denied procedural due process of law at the Commission hearing where the only evidence presented was by way of affidavits, and thus there was no opportunity to confront or cross-examine witnesses. The Trial Court sustained Appellee's appeal, and on December 4, 1974, entered a judgment setting aside and holding for naught the Commission's order, dated August 9, 1974, which had cancelled Appellee's beer license.

Appellant presents two points of error challenging the Trial Court's judgment. It is not necessary for us to pass upon those points. Article 666–14, Tex.Penal Code Aux.Laws (1974), provides that all appeals from a cancellation order " * * * shall be tried before the Judge within ten (10) days from the filing thereof, * * *." On the face of the record, this case was not tried within such statutory period.

Therefore the proceedings which occurred after ten days from the date of the filing of the appeal in District Court were void and the Commission's cancellation order has become final and enforceable. *Cook, Administrator, Texas Alcoholic Beverage Commission v. Spears,* 524 S.W.2d 290 (Tex.1975); *Cook, Adm., Texas Alcoholic Beverage Commission v. Walker,* 18 Tex.Sup.Ct.J. 441 (July 19, 1975).

The stay order of the District Court is set aside and the Commission's cancellation order is affirmed.