Sherman McBETH, Administrator, Texas Alcoholic Beverage Commission, Appellant,

v.

RIVERSIDE INN CORPORATION, Appellee.

No. 17460.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 8, 1979.

Rehearing Denied Dec. 6, 1979.

Mark White, Atty. Gen., James W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Gilbert J. Pena, Reed Lockhoof, Austin, for appellant.

Griffiths & Saranello, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment reversing an order of the Administrator of the Texas Alcoholic Beverage Commission (TABC) refusing the applications of Riverside Inn Corporation (Riverside) for a Mixed Beverage Permit, a Mixed Beverage Late Hours Permit, and a Beverage Cartage Permit.

On December 4, 1978, Riverside sought review of the Commission order by filing a petition in the district court pursuant to Texas Alcoholic Beverage Code Ann., § 11.-67 (1978). The matter was heard by the trial court on the transcript of the proceedings held in the TABC, and on December 14, 1978, the court entered an order that the cause be remanded to TABC for the taking of further evidence in accordance with Section 19(d)(2), Article 6252–13a, V.A.T.S. On January 19, 1979, the trial court entered an order granting Riverside's motion for a new trial, and entered a judgment that the TABC order be reversed and that the permits sought by Riverside be issued.

TABC asserts that the trial court lacked jurisdiction to enter the order granting the motion for a new trial or thereafter to enter a judgment ordering the issuance of the permits. The trial court heard the matter and entered a judgment on the tenth day from the date of filing remanding the cause to the TABC for the taking of further evidence. The record establishes, therefore, that all subsequent proceedings occurred more than ten days from the date of the filing of the applications. The judgment from which this appeal was taken was entered on January 19, 1979.

The present Texas Alcoholic Beverage Code is a revision of the prior Texas Liquor Control Act (Vernon's Tex.Penal Aux.Laws, Article 666–1 through 667–33). Article 666–15e of that predecessor act prescribed the same ten day limitation on appeals from TABC orders as is contained in Section 11.-67(b)(3), Texas Alcoholic Beverage Code, in essentially the same language. The provision of the Texas Liquor Control Act was considered by the Supreme Court of Texas in *Cook v. Spears*, 524 S.W.2d 290, 291–292 (Tex.1975), and in that opinion the supreme court stated:

"The Legislature in enacting Section 7a, Article 666–15e, also included the statement that the requirement for a ten-day trial, as well as other requirements not here in point, 'shall be considered literally.' The statute leaves no room for interpretation or discretion. There was a lim-

**736**

ited right to a trial on appeal and that right was exhausted ten days after (the appeal was filed)."

The court then held that "[t]he appeal and proceedings on appeal which occurred after ten days from the filing of the appeal are *functus officio.*"

The acts of 1937, 45th Legislature, page 1053, chapter 448, section 15 (Vernons Ann. Penal Code [1925] article 666–14) provided ". . . the proceeding on appeal shall be against the Board alone as defendant and the trial shall be *de novo* under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally viz: . . . C. All such causes shall be tried before the Judge within ten (10) days from the filing thereof, and neither party shall be entitled to a jury."

■ With the exception of a provision requiring that the appeal be under the substantial evidence rule, section 11.67 of the Texas Alcoholic Beverage Code is identical with the quoted provision of the Texas Liquor Control Act. The construction given to that provision of the Texas Liquor Control Act must be applied to the similar provision of the Texas Alcoholic Beverage Code.

■ The "trial" of a case includes every step taken in the determination of the issue between the parties and includes the hearing on a motion for a new trial. *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941); *City of Mesquite v. Seyene Investment Co.,* 295 S.W.2d 276 (Tex.Civ.App.—Dallas 1956, no writ).

■ The filing of a motion for a new trial, the hearing thereon, and any order granting or denying the same is part of the trial of an appeal from an order of the TABC. The right to a trial on this appeal was exhausted ten days after the appeal was filed. The court lacked the authority to enter an order granting a new trial. *Cook v. Walker,* supra. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to reinstate the judgment rendered on December 14, 1978.

DOYLE and WALLACE, JJ., also sitting.