Daniel J. Lawton, The Lawton Law Firm, Austin, for Relator.

Sidney Childress (Leslie Andrew Wardlaw), Austin, for Respondent.

Before POWERS, ABOUSSIE and JONES, JJ.

### ORDER

PER CURIAM.

Relator, Lisa Peacock, seeks a writ of mandamus to correct the respondent's ruling that her appeal of an associate judge's report to the respondent, the referring district court, was untimely. *See* Tex. Fam.Code Ann. § 201.015 (West 1996). The respondent determined that Peacock failed to comply with a local rule requiring her to request the referring district court to review de novo the associate judge's report no later than the third day after the associate judge gave notice to the parties of the substance of the report. At issue is what computation method a referring district court should employ when applying the three-day time limit.

Concluding that under the present circumstances the referring district court did not err in applying the three-day time limit, we will deny leave to file a petition for a writ of mandamus.[1] We write, however, to point out an inconsistency between a provision of the

Lisa Ann PEACOCK, formerly known as Lisa Ann Wardlaw, Relator,

v.

The Honorable Don HUMBLE, Visiting Judge of the Travis County District Court, Respondent.

No. 03–96–00479–CV.

Court of Appeals of Texas, Austin.

Nov. 6, 1996.

---

1.  We assume without deciding that this report by an associate judge is "appealable" to the referring district court pursuant to Texas Family Code, section 201.015. Neither party suggested a report on temporary orders is not subject to review and the district court held a hearing only to decide if the request was timely. Whether a party is entitled to de novo review by the district court of temporary matters is not before us and we offer no opinion on that question.

Code Construction Act and a Rule of Civil Procedure.

The associate judge recommended temporary orders on a motion to modify conservatorship of a child. On Thursday, July 11, 1996, the parties received notice of the substance of the associate judge's report. Tex. Fam.Code Ann. § 201.011(c) (West 1996). Peacock filed a written notice, seeking the referring court's review of the associate judge's report, with the district clerk on Tuesday, July 16, 1996. Tex. Fam.Code Ann. § 201.015(a), (b) (West 1996). The real party in interest, Andrew Wardlaw, objected that Peacock's request was not timely filed pursuant to the three-day time limit of Travis County Local Rule 6.10.[2] Consequently, Wardlaw asserted, Peacock was not entitled to have the district court conduct a de novo hearing on temporary issues. The referring court, following a hearing on Wardlaw's objections, agreed with Wardlaw, found that Peacock's written notice was untimely, and ruled that she was not entitled to a review of the associate judge's report.

The Texas Family Code provides that, after a hearing, an associate judge shall provide the parties participating in the hearing notice of the substance of the associate judge's report. Tex. Fam.Code Ann. § 201.011(b) (West 1996). Notice of the substance of an associate judge's report may be given by the associate judge to the parties in open court by an oral statement. Tex. Fam. Code Ann. § 201.011(c) (West 1996). A party may appeal an associate judge's report by filing a written notice of appeal to the referring district court not later than the third day after the date the party receives notice of the substance of the associate judge's report as provided by Section 201.011. Tex. Fam.Code Ann. § 201.015(a) (West 1996). Thus, Local Rule 6.10 corresponds to the statutory section 201.015(a), both providing for a three-day time limit for seeking review of the associate judge's report by the refer-

ring district court. The issue is how to calculate the three-day limit.

Peacock contends that, since the Travis County Local Rules do not provide a method for computing time, the trial court should have applied Texas Rule of Civil Procedure 4 when computing the three-day time limit. Specifically, Peacock contends that under Rule 4, "Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less...." Tex.R.Civ.P. 4. Consequently, Peacock asserts, her notice of appeal filed with the district clerk on Tuesday, July 16, 1996, the third day under Rule 4, was timely.

The Code Construction Act provides a statutory method for computing time periods. *See* Tex. Gov't Code Ann. § 311.014 (West 1988). The legislature enacted the Code Construction Act which, while not exclusive, is meant to describe and clarify situations when construing codes. Tex. Gov't Code Ann. § 311.003 (West 1988). The Code Construction Act provides that

(a) [i]n computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

Tex. Gov't Code Ann. § 311.014 (West 1988). Unlike Rule 4, the Code Construction Act has no special provision for calculating time periods of five days or less involving weekends or legal holidays. The Code Construction Act and Rule 4, therefore, are not consistent in the manner in which they address Saturdays, Sundays, and legal holidays when computing time periods of five days or less.

When a rule of procedure conflicts with a statute, the rule yields to the legislative enactment. *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 589 (Tex.1972); *Purolator Armored, Inc. v. Railroad Comm'n of Texas*, 662 S.W.2d

---

**2.** Travis County Local Rule 6.10 provides,

Any person is entitled to a de novo hearing before a judge if, not later than the third day after the associate judge gives notice of his or her findings, conclusions, and recommendations, the person files with the District Clerk a written request for a de novo hearing.

The right to a de novo hearing exists even if within said three-day period a judge has signed an order approving the findings and recommendations of the associate judge.

700, 703 n. 4 (Tex.App.—Austin 1983, no writ) (citing *Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424, 425 (Tex.1971)). The Texas Constitution vests in the supreme court the power to establish rules of procedure "not inconsistent with the law of the state." Tex. Const. art. V, § 25. Rule 4 was established pursuant to this power. Until 1990, the Code Construction Act and Rule 4 were consistent regarding the computation of all time periods.[3] In 1990, however, the supreme court amended Rule 4 providing for the exclusion of weekends and legal holidays when computing time periods of five days or less. As a result, since 1990, the Code Construction Act and Rule 4 have addressed the computation of time periods of five days or less differently when a weekend or legal holiday falls within the time period. Because the three-day filing period in the present case is statutory, the Code Construction Act's method for computing time applies rather than the method contained in Rule 4. *See Cohen v. State,* 858 S.W.2d 51, 52 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (statutory deadline for certain objections to be filed).

The record shows that the third day of the time limit to file a request for a hearing before the referring district court, if appropriate, fell on a Sunday. Thus, under the Code Construction Act, Peacock's notice was due to be filed on or before Monday, July 15, 1996. Therefore, Peacock's written notice, which was not filed with the referring district court until Tuesday, July 16, 1996, was untimely. Tex. Fam.Code Ann. § 201.015(a) (West 1996).

Mandamus is an extraordinary remedy, and it will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 841 (Tex.1992) (orig. proceeding). We conclude that the respondent did not abuse its discretion or violate any duty imposed by law. Accordingly, we overrule Peacock's motion for leave to file her petition for writ of mandamus.

3. We think it highly desirable to maintain consistency between the statute and the rule.

It is so ordered this 6th day of November 1996.