**Martin LOPEZ, Appellant,**

v.

**Rosalinda LOPEZ, Appellee.**

No. 08–98–00282–CV.

Court of Appeals of Texas,
El Paso.

June 24, 1999.

Jeffrey S. Allen, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellant.

Luz E. Sandoval-Walker, Asst. County Atty., El Paso, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION ON MOTION

SUSAN LARSEN, Justice.

This case is before the court on appellee's motion to dismiss for want of jurisdiction. We dismiss the appeal, but not for the reason suggested by appellee. Rather, we find a referring court's failure to hear an appeal from the report of an associate judge within 30 days, as required by the Family Code, does not deprive the referring court of jurisdiction.

### FACTS

On April 16, 1998, an associate judge in El Paso County granted Rosalinda Lopez's application for protective order, found there was a common law marriage between the parties, and awarded Ms. Lopez spousal support. One day later, Martin Lopez filed a notice of appeal to the referring court, as authorized by the Family Code.[1] The referring court, the 65th District Court of El Paso County, did not hold a hearing within 30 days after the notice of appeal was filed. On July 23, 1998, the district court heard only Rosalinda Lopez's oral motion to dismiss the appeal, and again heard the issue on August 18, 1998. To this court's knowledge, the district court has never ruled on the jurisdictional issue, nor has it heard the merits of the appeal. On August 21, 1998, Martin Lopez filed his notice of appeal[2] to this court.

Rosalinda Lopez has filed a motion to dismiss this proceeding urging that the appeal is from an interlocutory protective order only. In response, appellant contends that the Family Code's requirement that an appeal from an associate judge's order be heard within 30 days is not jurisdictional, and therefore the 65th District Court retains jurisdiction over the case.[3]

1. Tex Fam.Code Ann. § 201.015(f) (Vernon 1996).

2. We distinguish between the "notice of appeal" to the referring court under the Family

Code from the "notice of appeal" to this court under Tex.R.App. P. 25.

3. Appellant states that he filed his notice of appeal to this court in an abundance of cau-

Finding merit in appellant's argument, we need not address the issue of whether this appeal is from an interlocutory order.

### THIRTY–DAY DEADLINE UNDER THE FAMILY CODE

The Texas Family Code provides for appeal of an associate judge's report to the referring court, where a notice of appeal is filed within three days after the party receives notice of the substance of the report.[4] No one disputes that proper notice of appeal was given here. The Family Code then provides that:

> The referring court, after notice to the parties, shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court.[5]

Before the referring court, Rosalinda Lopez maintained this language is mandatory and jurisdictional, and the district court's failure to hold a hearing on Martin Lopez's appeal within 30 days deprived it of further jurisdiction. We agree that the language here is mandatory, but we find it is a mandate *upon the referring court* to promptly resolve appeals from the rulings of associate judges.[6] This does not mean that the court loses jurisdiction if it fails to hold a hearing within the required time period; rather, it allows the parties to mandamus a prompt hearing after the 30–day deadline expires.[7] It makes no sense that the legislature would preclude appeal by a party who has done everything the Family Code requires, just because the referring court has not met its responsibilities under the Code. Moreover, if the legislature had intended for the referring court to lose jurisdiction after 30 days expired, it could easily have said so. It did not.[8] For these reasons, we conclude that the deadline for hearing an appeal from the associate judge's report is directed at the referring court, for the benefit of the parties, and is not jurisdictional. The trial court, having not yet acted upon Martin Lopez's appeal, maintains jurisdiction and the appeal to this court is premature. Finding that we lack jurisdiction for this reason, we do not reach appellant's claim that no jurisdiction exists because the rulings here stem from a protective order, and are therefore interlocutory.

### CONCLUSION

The 65th District Court retains jurisdiction of this case pending appeal of the associate judge's report to that court. The appeal is dismissed.

---

tion, wishing to preserve his rights to challenge the associate judge's rulings in some forum.

4. Tex. Fam.Code Ann. § 201.015(a) (Vernon 1996).

5. Tex. Fam.Code Ann. § 201.015(f) (Vernon 1996).

6. *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994) (interpreting predecessor statute to Section 201.015(f)).

