Jose Luis GARZA d/b/a Tropicana
Night Club, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.

No. 08–99–00138–CV.

Court of Appeals of Texas,
El Paso.

July 27, 2000.

Rehearing Overruled Aug. 30, 2000.

Logene L. Foster, Sugar Land, Stephen A. Doggett, Richmond, for appellant.

Seth Byron Dennis, Dewey E. Helmcamp, Asst. Attys. Gen., Steven L. Weathered, Ross, Banks, May, Cron & Cavin, P.C., Houston, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

McCLURE, Justice.

Jose Luis Garza d/b/a Tropicana Night Club (Garza) appeals from an order of the 240th District Court denying Tropicana's appeal from the Fort Bend County Court's denial of Tropicana's renewal application for a beer and wine retailer's on-premises license and after-hours permit. Garza raises thirteen issues for review in this appeal. Finding that the district court lacked jurisdiction of the original appeal, and therefore, that both the county court and district court lacked jurisdiction to enter the subsequent judgments and orders, we vacate the judgment entered by the county court on September 30, 1998, as well as the order entered by the district court on January 6, 1999. The appeal is dismissed.

## FACTUAL SUMMARY

Garza, who operated the Tropicana Night Club in Rosenberg, Texas, applied with the Texas Alcoholic Beverage Commission (TABC) for renewal of the wine and beer permit and the retail dealer's on-premise late hours license. The City of Rosenberg, the Police Chief of the Rosenberg Police Department, TABC, and members of the public protested his application. More specifically, the City of Rosenberg and TABC, citing numerous criminal offenses which had occurred in or near the nightclub during the previous eighteen months, protested renewal on the ground

that the business is detrimental to the general welfare, health, peace, morals, and safety of the public. *See* TEX. ALCO.BEV.CODE ANN. § 61.42(a)(3)(Vernon 1995). On May 12, 1997, TABC rejected Garza's renewal application due to protests and ordered him to file his application with the Fort Bend County constitutional court for hearing. Garza complied, and both the City and TABC filed a formal protest of the license renewal. On June 19, 1997, the constitutional county court, sitting in an administrative capacity, began the hearing on Garza's renewal application. Following a lengthy and hotly-contested trial, the constitutional county court rendered judgment on October 28, 1997, denying the renewal application. In compliance with Section 2001.145 of the Government Code, Garza filed a timely motion for rehearing on November 14, 1997.[1] After the motion for rehearing was overruled by operation of law, Garza appealed to the 268th District Court filing a document entitled "Appeal of Denial of Renewal Application for Sale of Alcoholic Beverages." Garza filed the appeal on January 9, 1998. The judge of the 268th District Court conducted a hearing on the appeal on January 16, 1998 and subsequently signed an order on January 28, 1998 vacating the judgment and remanding the cause for further proceedings. TABC unsuccessfully sought mandamus relief in the First Court of Appeals, alleging that the district court lacked jurisdiction to vacate the county court's order because it did not decide the appeal within ten days as required by the Alcoholic Beverage Code. Following remand and additional hearings, the constitutional county court denied the renewal application by written judgment on September 30, 1998. Once again, Garza filed a timely but unsuc-

---

1. A timely motion for rehearing is a prerequisite to an appeal in a contested case except under circumstances inapplicable to this case.

*See* TEX.GOV'T CODE ANN. § 2001.145 (Vernon 2000).

cessful motion for rehearing. On December 14, 1998, he appealed to the 240th District Court. Following a hearing held on December 21, 1998, the district court orally pronounced its decision denying the appeal. The judgment was reduced to writing on January 6, 1999. Raising thirteen issues for review, Garza appeals the district court's judgment.

## JURISDICTION

■ A contention raised by TABC requires us to first inquire whether we have jurisdiction of this appeal. *See White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1990, no writ)(appellate court must inquire into its own jurisdiction whether the issue is raised by the parties or on the court's own motion). TABC argues that because the 268th District Court did not render its judgment within the ten-day window set for appeals by the Alcoholic Beverage Code, the court lacked jurisdiction to vacate the constitutional county court's October 28, 1997 judgment, and therefore, the county court lacked jurisdiction to conduct the subsequent proceedings which led to this appeal.[2] Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (Tex.1958); *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied). If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. *Dallas County Appraisal Dist.*, 887 S.W.2d at 468.

**2.** Like the proverbial domino theory, if the January 28, 1998 order of the 268th District Court falls, all subsequent judgments fall.

**3.** The dissent asserts that Section 201.015(f) of the Texas Family Code is analogous to Section 11.67(b) and urges that we apply the same analysis as in *Lopez v. Lopez*, 995

Section 11.67 of the Alcoholic Beverage Code provides for a limited appeal from a decision of the administrator refusing a permit or license. Tex.Alco.Bev.Code Ann. § 11.67; *see Cook v. Spears*, 524 S.W.2d 290 (Tex.1975)(construing predecessor statute contained in former Texas Liquor Control Act). It provides, in relevant part, that:

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. *The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:* [3]

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable;

(2) *the case shall be tried before a judge within 10 days from the date it is filed;*

(3) neither party is entitled to a jury; and

(4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal. [Emphasis added].

Tex.Alco.Bev.Code Ann. § 11.67(b).

■ Consistent with the legislature's directive, Section 11.67(b)(2) has been literally construed to require that the appeal be heard and decided within ten days after it is filed in the district court. *See Cook*, 524

S.W.2d 896 (Tex.App.—El Paso 1999, no pet.). Given that Section 201.015(f) does not require the legislatively mandated literal construction that we are constrained to apply to Section 11.67(b), the two sections are not subject to the same analysis.

S.W.2d at 291–92; *Fox v. Medina,* 848 S.W.2d 866, 870 (Tex.App.—Corpus Christi 1993, no writ); *McBeth v. Riverside Inn Corp.,* 593 S.W.2d 734, 736 (Tex. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). All proceedings conducted after the expiration of the ten-day period, other than the court reducing its previously announced judgment to writing, are void. *See Cook,* 524 S.W.2d at 292 (district court lacked jurisdiction to hear appeal and issue judgment after ten-day period expired); *Fox,* 848 S.W.2d at 870 (holding that judgment signed after expiration of the time for appeal was not void because the district court held hearing and orally rendered judgment within the ten-day period); *McBeth,* 593 S.W.2d at 735–36 (even though district court conducted a hearing and remanded the case to TABC administrator for the taking of further evidence within ten days after appeal was filed, it lacked jurisdiction to thereafter grant a motion for new trial and reverse TABC order after expiration of ten-day period for appeal).

[redacted] We must first determine when the tenth day expired. Since Garza filed his appeal in the district court on January 9, 1998, the tenth day would have fallen on January 19, 1998, a legal holiday. Under the Code Construction Act (Chapter 311 of the Government Code), January 19 would not be included in the computation and the tenth day would instead fall on January 20. *See* Tex.Gov't Code Ann. § 311.014 (Vernon 1998);[4] *Texas Alcoholic Beverage Commission v. Top of the Strip, Inc.,* 993 S.W.2d 242 (Tex.App.—San Antonio 1999, pet. denied)(rejecting TABC's argument that the computation method provided by Section 311.014 of the Code Construction Act does not apply to appeals under Section 11.67; while the time for appeal is shortened to ten days, other rules pertaining to the computation of that time period are still in effect);[5] *Peacock v. Humble,* 933 S.W.2d 341, 343 (Tex.App.—Austin 1996, orig. proceeding)(because the ten-day period for appeal is statutory, the Code Construction Act's method for computing time applies rather than the method contained in Tex.R.Civ.P. 4).

We must now consider whether the district court rendered its decision within the ten-day period. As we have noted, the district court conducted the hearing on January 16 but did not immediately render its decision. In fact, at the conclusion of the hearing, the judge stated:

> I'll take these matters under advisement and issue my decision as early as possible. I'm not going to be bound by any Ten–Day Rule when I have 16 volumes of transcripts to read through plus lengthy briefs. I will get to it and decide as early as I possibly can.

When counsel for TABC attempted to discuss the impact of the holdings in the *Fox* and *McBeth* cases, the following colloquy occurred:

> [The Court]: Counsel, I am in—and I want this on the record—I am in the middle of an eight-week trial.
>
> [Counsel for TABC]: I understand.
>
> [The Court]: I'm sure Courts of Appeal, since they take years to reach decisions, can appreciate that this Court has many things to do in deciding the issue with

4. Section 311.014 provides that:

> (a) In computing a period of days, the first day is excluded and the last day is included. (b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

5. TABC has not argued before this Court that the tenth day fell on January 19 rather than January 20.

this volume of evidence before it cannot be possible within two days.[6]

[Counsel for TABC]: All I was trying to tell the Court, that in the Fox case, they specifically ruled that as long as the Judge made a ruling within the ten-day period, it didn't make any difference if he signed the judgment later.

[The Court]: I appreciate that. I would like to have a basis to make a ruling.

The district court signed an order on January 28, 1998, vacating the county court's judgment, but the order recites that the court rendered its decision on January 20, 1998. Mere cognition on the part of the trial court is insufficient to constitute rendition of judgment. *See Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976). Instead, judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex.1995); *Keim v. Anderson*, 943 S.W.2d 938, 942 (Tex.App.—El Paso 1997, no writ). Rendition is distinguishable from the entry of judgment which is a purely ministerial act by which judgment is made of record and preserved. *Keim*, 943 S.W.2d at 942.

It is well established that public policy favors the validity of judgments. *In re Wal–Mart Stores, Inc.*, 20 S.W.3d 734, 739, (Tex.App.—El Paso, 2000, orig. proceeding); *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, no pet. h.). A general presumption of validity is derived from this public policy and extended to the judgments of courts of general jurisdiction. *In re Wal-Mart Stores*, at 740; *Vickery*, 5 S.W.3d at 251. In the absence of this presumption, a court's judgment would have little import and "there would be no end to troublesome litigation." *In re Wal-Mart Stores*, at 740. When an attack is made upon a judgment, whether directly or collaterally, all presumptions consonant with reason are indulged in order to uphold the binding effect of such judgment. *Vickery*, 5 S.W.3d at 251. On appeal, the presumption of validity is applied in inverse relation to the amount of knowledge available to the appellate court. *Id.* Where the record is ambiguous or silent, the presumption of validity will supply by implication every proof, element, factual finding, or proper application of the law needed to support the judgment. *Id.* Of course, the presumption of validity is rebuttable but the burden is upon the challenging party. *Vickery*, 5 S.W.3d at 251.

Attacking the order's recitation, TABC asserts that the district court did not render judgment in open court within the ten-day period and the judge did not file a memorandum of his decision with the clerk within the same period. In support of its contention that the district court did not pronounce its decision in open court, TABC points to an affidavit in the record by the official court reporter of the 268th District Court stating that the only proceedings conducted in the cause occurred on January 16, 1998. Therefore, the record affirmatively demonstrates that the district court did not orally render judgment in open court within the ten-day period.

We have examined the entire twenty-three volume record before us and find no written memorandum of decision filed with the clerk by the district court on January 20, 1998. TABC's counsel stated in veri-

---

6. We certainly sympathize with the plight of the trial court and most assuredly understand his frustration. However, we believe the difficulty is one which can only be remedied by the legislature.

fied pleadings filed in connection with a mandamus proceeding that the district court did not notify any of the parties that a decision had been rendered on January 20 as stated in the judgment, and in fact, told counsel for the City of Rosenberg on January 27 that the court had not yet made a decision in the case. Instead, counsel for TABC and the City of Rosenberg discovered that a decision had been made approximately ten minutes after the formal, written judgment was filed with the district clerk on January 28. Prior to submission of the appeal, this Court ordered the district clerk to supplement the record with any written memorandum of decision filed by the district court with the clerk from January 16, 1998 through January 20, 1998. On May 10, 2000, the Fort Bend County District Clerk filed a supplemental clerk's record in accordance with our order. Included in the supplemental record are an affidavit by Deputy Clerk Emily Martinez and the docket sheet filed in cause number 107,245 but no memorandum of decision. However, the docket sheet contains handwritten entries pertaining to January 16, 1998, and January 20, 1998. The handwriting is somewhat illegible, but the entry regarding January 16 seems to state that the appellant and appellee appeared, each side was permitted a thirty minute argument, and the court then took the matter under advisement. We believe the entry pertaining to January 20 states: "It is the determination & judgment of this Court that the hearing Court's limitation to 5 witnesses deprived Tropicana of due process and therefore sets aside the judgment and remands for further hearing." The initials "BE" appear following both entries.[7] The issue, then, is whether the second docket sheet entry constitutes a memorandum of deci-

sion filed with the clerk such that the trial court can be said to have rendered judgment on January 20.

A docket sheet entry ordinarily forms no part of the record which may be considered; rather, it is a memorandum made for the trial court and clerk's convenience. *Energo International Corp. v. Modern Industrial Heating, Inc.*, 722 S.W.2d 149, 151 n. 2 (Tex.App.—Dallas 1986, no writ); *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex.Civ.App.—Waco 1968, no writ); *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.). Docket sheet entries are inherently unreliable because they lack the formality of orders and judgments. *First National Bank of Giddings, Texas v. Birnbaum*, 826 S.W.2d 189, 191 (Tex.App.—Austin 1992, no writ), *citing Energo*, 722 S.W.2d at 151 n. 2. Perhaps due to this unreliability, a docket sheet entry is generally considered insufficient to constitute a judgment or decree of the court. *See Formby's KOA v. BHP Water Supply Corporation*, 730 S.W.2d 428, 430 (Tex.App.—Dallas 1987, no writ); *Loper v. Hosier*, 148 S.W.2d 889, 891 (Tex.Civ.App.—Dallas 1941, writ dism'd judgmt corr.). This rule is especially true if the docket sheet entry is unsigned. *See W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex.App.—Houston [1st Dist.] 1990, no writ)(unsigned docket sheet entry reciting that judgment was rendered for one party held insufficient to constitute a rendition of judgment). Nevertheless, docket sheet entries have, along with other evidence and under limited circumstances, supplied proof that the trial court orally rendered judgment on a certain date. *See, e.g., Henry v. Cullum Companies, Inc.*,

---

7. The Honorable Brady G. Elliott was the judge of the 268th District Court during the course of these proceedings.

891 S.W.2d 789, 793 (Tex.App.—Amarillo 1995, writ denied)(trial court rendered judgment when it orally announced that it was granting partial summary judgment, even though there was no reporter's record showing the trial court's comments at the conclusion of the hearing, where agreed motion for severance of the claims acknowledged the oral rendition of partial summary judgment at the close of the hearing and the docket sheet notation, initialed by the trial judge, evidenced the court's action). In addition to a requirement that the docket sheet entry be signed or at least initialed by the trial court, the record must reflect that the court filed the docket sheet with the clerk as its memorandum of decision on a date certain. *See Formby's,* 730 S.W.2d at 430. Even assuming that the initials "BE" are those of the trial judge, there is no evidence that the trial court filed the docket sheet with the district clerk on January 20. Therefore, we find the docket sheet entry purportedly made on that date insufficient to constitute a rendition of judgment. *See Formby's,* 730 S.W.2d at 430. Because the trial court did not render judgment until January 28 when the trial judge signed the written order, the court lacked jurisdiction to take any further action.

## CONCLUSION

The record establishes that the district court did not render its decision within ten days of the filing of the first appeal. As a result, the district court lacked jurisdiction to vacate the county court's judgment and remand the cause for further proceedings. The constitutional county court therefore lacked jurisdiction to conduct further proceedings and render a second judgment. Accordingly, we set aside both the September 30, 1998 judgment of the county court and the judgment of the district court dated January 6, 1999. This appeal is dismissed.

LARSEN, J., dissenting.

LARSEN, Justice, dissenting.

I respectfully dissent. I do not believe the legislature intended to preclude appeal by a party who has done everything required under the Texas Alcoholic Beverage Code, just because the trial court failed to meet its responsibilities. (Here, quite deliberately and knowingly failed to meet those responsibilities, as the colloquy quoted by the majority makes clear.)

This court addressed an analogous situation in *Lopez v. Lopez,*[1] a decision where an associate judge granted Rosalinda Lopez a protective order against Martin Lopez, found a common law marriage between the parties, and granted Ms. Lopez spousal support.[2] Mr. Lopez attempted an appeal from the decision of the associate judge to the district court under Tex.Fam. Code Ann. § 201.015(f)(Vernon Supp.2000), which provides:

> The referring court, after notice to the parties, shall hold a hearing on all appeals not later than the 30th day after the date on which the initial appeal was filed with the referring court.

The district court failed to hold a hearing before the deadline. Ms. Lopez argued that the language was mandatory and jurisdictional and that both the district court, and by extension this court, had lost jurisdiction when the thirty days expired. We agreed that a hearing was mandatory, but disagreed that failure to hold a hearing within thirty days deprived the district court of jurisdiction. We interpreted the requirement as:

**1.** 995 S.W.2d 896, 897 (Tex.App.—El Paso 1999, no pet.).

**2.** *Id.* at 896.

[A] mandate *upon the referring [district] court* to promptly resolve appeals from the rulings of associate judges. This does not mean that the court loses jurisdiction if it fails to hold a hearing within the required time period; rather, it allows the parties to mandamus a prompt hearing after the 30 day deadline expires.[3]

I believe the same interpretation should apply here, and for the same reasons. The legislature clearly intended the 10–day deadline of TEX.ALCO.BEV.CODE ANN. § 11.67 to insure a prompt trial of the issues. Where the trial court refuses to comply with the legislative mandate, the remedy should be mandamus of the recalcitrant court, not deprivation of the right to appeal.

Although the Alcoholic Beverage Code contains language that its requirements "be construed literally," I do not view literal construction as necessarily depriving a litigant of their properly perfected appeal to the trial court. A literal construction of the requirement that "the case shall be tried before a judge within 10 days from the date it is filed" would more logically result in a mandate from a higher court, to the trial court, that the hearing be held immediately as required by the Code. This makes much more sense than punishing a party who is otherwise powerless to enforce its appellate rights. I believe our reasoning in *Lopez* should apply here.

For these reasons, I dissent.

---

3. *Id.* at 897 (emphasis in original).