*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★   ★   ★   ★   ★   ★   ★

# MEMORANDUM OPINION

No. 04-08-00881-CV

**IN THE INTEREST OF M.P.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-01295
Honorable Michael Peden, Judge Presiding[1]

Opinion by:   Marialyn Barnard, Justice

Sitting:        Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered an Filed:   August 5, 2009

AFFIRMED

V.P. appeals the trial court's order finding that an appeal of the order terminating her parental rights would be frivolous. In a series of orders, this court initially questioned the timeliness of certain filings and their effect on this court's review of the trial court's order. Having further reviewed the record and the applicable law, we conclude that V.P. failed to timely request a de novo hearing of the associate judge's order before the referring court. As a result, V.P. failed to timely file a statement of appellate points, requiring us to summarily affirm the trial court's order.

---

[1] The Honorable Michael Peden presided over the referring court. The Honorable Charles E. Montemayor, an associate judge, presided over the termination hearing and signed the order terminating the appellant's parental rights.

On August 18, 2008, an associate judge signed an order terminating V.P.'s parental rights. V.P.'s attorney signed the order approving it as to form. On August 28, 2008, V.P. filed a notice of appeal requesting a de novo hearing of the associate judge's order. On September 3, 2008, V.P. filed a motion for new trial and statement of appellate points.

A party may request a de novo hearing before the referring court by filing a written request with the clerk of the referring court no later than the seventh working day after the party receives notice of the substance of the associate judge's report. TEX. FAM. CODE ANN. § 201.015(a) (Vernon 2008). If a request for a de novo hearing before the referring court is not timely filed, the associate judge's order or judgment becomes the order or judgment of the referring court by operation of law without ratification by the referring court. TEX. FAM. CODE ANN. § 201.2041(a) (Vernon 2008).

The signature of V.P.'s attorney on the associate judge's order establishes that V.P. had notice of the substance of the associate judge's order on August 18, 2008. *See* TEX. FAM. CODE ANN. § 201.011(c) (Vernon 2008) (providing notice may be given in open court by an oral statement or a copy of the associate judge's proposed order). The seventh working day after August 18, 2008, was August 27, 2008. *See* TEX. GOV'T CODE ANN. § 311.014 (Vernon 2005). Because V.P. filed her request for a de novo hearing on August 28, 2008, the request was not timely filed, and the associate judge's order became the order of the referring court by operation of law. *See Peacock v. Humble*, 933 S.W.2d 341, 343 (Tex. App.—Austin 1996, orig. proceeding) (concluding referring court did not err in determining request for de novo hearing was untimely filed one day late).

V.P.'s statement of appellate points was due to be filed on September 2, 2008. TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). V.P. filed an untimely statement of appellate points on

September 3, 2008.[2]  Accordingly, "there is no contention of error that can be raised that we may consider on appeal." *In re S.E.*, 203 S.W.3d 14, 15 (Tex. App.—San Antonio 2006, no pet.); TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008); *but see In re J.O.A.*, 283 S.W.3d 336, 347 (Tex. 2009) (holding section 263.405(i) unconstitutional to the extent it prevents an appellate court from considering an ineffective assistance of counsel claim).  As a result, the trial court's order is affirmed.

Marialyn Barnard, Justice

---

[2] We note that the only issue raised in V.P.'s brief, the issue regarding the de novo hearing before the referring court, was not raised in V.P.'s first statement of appellate points.  Instead, the issue was raised in V.P.'s first supplemental statement of appellate points filed on September 29, 2008.