Opinion issued May 26, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00219-CV

———————————

James F. Bowman, Appellant

V.

Deborah
Burks, Appellee



 



 

On Appeal from the 257th District Court 

Harris County, Texas



Trial Court Case No. 1990-63344

 



 

MEMORANDUM OPINION

          In
this child support case, we consider whether either (1) an order signed by an
associate judge, from which there is a timely request for de novo review in the
trial court, or (2) the trial court’s order denying de novo review, is a final,
appealable order.  Because we hold that
neither order is a final, appealable order, we dismiss this appeal for want of
jurisdiction.

BACKGROUND

          Bowman and Burks were
married and had one child, C.B.  On June
12, 2003, the trial court ordered Bowman to pay $400 to Burks in child support
until C.B. either reached the age of 18 or graduated from high school, whichever
occurred last.  On June 1, 2006, one day
before C.B.’s 18th birthday, Burks filed a Petition to Modify alleging that
C.B. had become disabled and requesting that Bowman be ordered to pay child
support indefinitely.  C.B. turned 18 on
June 2, 2006, and graduated from high school on May 26, 2007.

          On
August 31, 2007, the trial court signed a default judgment on Burks’s Petition
to Modify, finding C.B. to be disabled and ordering Bowman to pay $400 per
month for an indefinite period.  The 2007
judgment also ordered wage withholdings from Bowman’s earnings.  Bowman did not appeal the 2007 judgment.

          On
December 11, 2008, Bowman filed a Petition to Terminate Order for
Withholding.  In the petition, Bowman
alleged that the withholding should be terminated because C.B. had reached 18
and graduated from high school before the trial court entered the 2007
order.  Bowman’s petition did not address
the issue of C.B.’s disability.

          On
December 2, 2009, the associate judge held a hearing on Bowman’s petition,
after which the associate judge signed an order denying Bowman’s petition.  On December 3, 2009, Bowman filed a motion
requesting that the trial court conduct a de novo review of the associate
judge’s ruling.  On December 11, 2009,
the trial court signed an order denying Bowman’s request for de novo review of
the associate judge’s ruling.

          Thereafter,
Bowman filed a notice of appeal complaining of the trial court’s December 11,
2009 order denying his request for de novo review of the associate judge’s
ruling.

APPEALABILITY OF TRIAL COURT’S ORDER

          In his sole issue on appeal,
Bowman contends that the trial court “erred by not hearing testimony in
response to Mr. Bowman’s appeal of the decision of the associate judge
requesting a trial de novo.”  The Office
of Attorney General [“OAG”], on behalf of Burks, responds that neither the
trial court’s December 11, 2009 order denying Bowman’s request for de novo
review of the associate judge’s ruling, nor the associate judge’s ruling
itself, is an appealable order.  We
agree.

Appellate courts have jurisdiction over final
judgments and only those interlocutory orders deemed appealable by the Texas Legislature. Lehmann v. Har–Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001); City of Houston v. Kilburn,
849 S.W.2d 810, 811 (Tex. 1993); see Tex.
Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon Supp. 2010), §
51.014(a), (d) (Vernon 2008). A judgment is final for purposes of appeal if it
disposes of all pending parties and claims in the record. Lehmann, 39
S.W.3d at 195.

The trial court’s December 11, 2009 order is entitled “ORDER
DECLINING TO SET DE NOVO” and provides as follows:

The Court hereby declines to set a de novo hearing on the
Associate Judge’s ruling of December 2, 2009 for the reason that the Motion for
De Novo relies solely on a provision of the Texas Family Code that is
inapplicable because the prior, final order of this court has determined that
the child is disabled and that the child support should continue for an
indefinite period.

 

The
order does not address the claims in Bowman’s petition in that it does not
grant or deny his request to terminate the wage withholding order.  The order also does not adopt the associate
judge’s ruling denying Bowman’s petition. 
Because the December 11, 2009 order neither disposes of all parties and
all claims, nor adopts the associate judge’s ruling disposing of all parties
and all claims, it is not a final, appealable order.

          Thus, we turn to the issue of whether
the associate judge’s order of December 2, 2009, is a final, appealable order.  An order of an associate judge becomes an
order of the referring court by operation of law without need for ratification
by the referring court. Tex. Fam. Code
Ann. § 201.1041(a) (Vernon Supp. 2006). However, the order automatically
becomes final only if an appeal is not filed within seven days of the associate
judge’s ruling. See id. §§ 201.015(a) (Vernon 2002); 201.1041(a). The
ruling of an associate judge serving as a child support master is initially a
proposed order, “not a final order upon signing. It cannot become a final order
of the court unless neither party appeals the master’s findings.” In re
G.S.G., 145 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Here, the OAG admits
that “Bowman’s request for a de novo hearing was timely[.]”  Because Bowman timely requested a de novo
hearing of the associate judge’s ruling, the associate judge’s order never
became final.  See In re Office of the Attorney Gen.,
215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, orig. proceeding). 

 

 

 

 

 

 

 

 

 

 

CONCLUSION

          Because
neither the trial court’s order denying Bowman’s request for a de novo hearing,
nor the associate judge’s order, are final and appealable, we have no
jurisdiction to consider this appeal.  

Accordingly, we dismiss the appeal
for want of jurisdiction.[1]  

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown. 











[1]
          However, we note that Bowman is not without a
remedy. The OAG concedes that the trial court was required to hold a de novo
hearing. We are confident that, in light of this opinion, the trial court will
reconsider Bowman’s request for a de novo hearing.  In the event the trial court does not,
mandamus may be available to compel the trial court to conduct his requested de
novo hearing.  See Ex parte Brown, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 2003,
orig. proceeding) (interpreting predecessor statute to section 201.015 to
provide grounds for mandamus when trial court fails to hold properly requested
de novo hearing); Lopez v. Lopez, 995
S.W.2d 896, 897 (Tex. App.—El Paso 1999, no pet.) (holding that section 201.015
“allows the parties to mandamus a prompt hearing,” but does not deprive trial
court of jurisdiction); In re Jones,
No. 05-07-00879-CV, 2007 WL 2258517 (Tex. App.—Dallas Aug. 8, 2007, orig. proceeding)
(same).  However, we cannot treat
Bowman’s attempted appeal as a mandamus because “a petition for mandamus
commences an original proceeding that is governed by different rules than the
rules governing direct appeals.”  Hamlett v. Hamlett, No. 01-04-01097-CV,
2006 WL 2690304, at *2 (Tex. App.—Houston [1st Dist.] Sept. 21, 2006, pet.
denied) (quoting Pinnacle Gas Treating,
Inc. v. Read, 13 S.W.3d 126, 127 (Tex. App.—Waco 2000, no pet.)).