

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00198-CV

IN RE LANITIA TALLEY, RELATOR

ORIGINIAL PROCEEDING

June 22, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Lanitia Talley, petitioned this Court to issue a writ of mandamus ordering respondent, the Honorable John J. McClendon III, to hear a de novo appeal of the Associate Judge's recommendations regarding Talley's standing to intervene in a suit affecting parent-child relationship. We will conditionally grant the petition.

Factual and Procedural Background

Talley is the paternal grandmother of I.D. However, the parent-child relationship between Talley's son and I.D. was previously terminated and I.D. was adopted by the Dixons. In August 2013, the Texas Department of Family and Protective Services (Department) filed a petition for protection of a child, for conservatorship, and for

termination of the Dixon's parental rights to I.D. due to alleged neglect and emotional abuse.[1] After adversary hearings were held, the Department was named temporary managing conservator of I.D.

In November of 2013, Talley filed a petition in intervention in the termination proceeding that the Department had filed against the Dixons. By her intervention, Talley sought custody of I.D. The Dixons filed a motion to strike Talley's intervention on the basis that she lacked standing. In April of 2014, Associate Judge Hart held a hearing on the motion to strike. By letter, he ruled that Talley did not have standing because, since her son's parental rights had previously been terminated, Talley was no longer a family member of I.D. and Talley did not have "substantial past contact" with I.D. On the same day as the letter ruling, Talley filed a request for a de novo hearing before the referring court.

After filing her request for de novo hearing, Talley propounded discovery to the Department and Dixons. The parties objected to Talley's discovery on the basis that she did not have standing and had been struck from the case by the associate judge. In response to the parties' refusal to respond to her discovery, Talley filed a motion to compel with the trial court.

Efforts were made by the trial court and the parties to set a date for the de novo hearing. As the scheduled date for the final hearing on the underlying termination approached, on August 18, 2014, Talley filed a motion that, *inter alia*, requested that the de novo hearing be set and that the final hearing on the termination be stayed. The

---

[1] In addition to I.D., this petition sought the termination of the Dixons' parental rights to nine of ten children they had adopted over the years, including I.D.'s half-sibling.

final hearing was continued twice for reasons unrelated to Talley. The final hearing was ultimately set for January 5, 2015. However, that final hearing was continued until August 17, 2015. No final order has been entered in the termination proceeding.

By her petition for writ of mandamus, Talley contends that she is entitled to a de novo hearing before the referring court because she timely filed her appeal of the associate judge's recommendations regarding her standing to intervene in the current proceedings. She contends that the trial court clearly abused its discretion in failing to hold a de novo hearing and that she does not have an adequate remedy by appeal. She also contends that she is entitled to mandamus relief compelling the Department and Dixons to respond to discovery that she contends is vital to her appeal.

Mandamus Standard

Mandamus is an extraordinary remedy that is only available in limited circumstances when necessary to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by law. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding), and *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). The burden of proving entitlement to mandamus relief rests on the relator and the burden is a heavy one. *Canadian Helicopter Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

De Novo Hearing

A party who timely appeals from the report of the associate judge is entitled to a de novo hearing before the referring court. *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.); *Santikos v. Santikos*, 920 S.W.2d 731, 733 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *see* TEX. FAM. CODE ANN. § 201.015 (West 2014). The referring court's failure to hold a de novo hearing after a notice of appeal is timely filed is mandatory and presumed harmful. *Phagan v. Aleman*, 29 S.W.3d 632, 635 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on reh'g) (citing *Attorney Gen. of Tex. v. Orr*, 989 S.W.2d 464, 469 (Tex. App.—Austin 1999, no pet.)). A trial court's failure to hold a timely requested de novo hearing within thirty days is subject to mandamus because such failure constitutes a clear abuse of discretion and remedy by appeal is inadequate to protect this time designated right. *See In re Jones*, No. 05-07-00879-CV, 2007 Tex. App. LEXIS 6255, at *3-4 (Tex. App.—Dallas Aug. 8, 2007, orig. proceeding) (mem. op.); *see also Lopez v. Lopez*, 995 S.W.2d 896, 897 (Tex. App.—El Paso 1999, no pet.) (op. on motion); *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex. App.—Fort Worth 1994, orig. proceeding).

In the present case, Talley requested a de novo hearing on April 16, 2014, the same day that she received notice of the substance of the associate judge's report. Thus, her appeal was timely filed. *See* TEX. FAM. CODE ANN. § 201.015(a). While there were scheduling conflicts that delayed the de novo hearing, Talley was and remains entitled to a de novo hearing and the trial court's failure to provide the same may be remedied by mandamus. As such, we will grant her petition for writ of mandamus

regarding her right to a de novo hearing on the recommendations of the associate judge.

## Discovery

By her petition, Talley also requests mandamus to order the parties to respond to her discovery requests. However, Talley's discovery was propounded after the hearing before the associate judge so it is not an issue subject to Talley's right to de novo hearing. Nothing in Talley's brief identifies any right to mandamus relief as a means to compel responses to discovery. While she cites to the proposition that mandamus relief may be available when a party's ability to present a viable claim or defense is severely compromised by a court's discovery error, *see, e.g., In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding), Talley simply concludes that the discovery that she seeks to compel "goes to the heart" of her ability to establish standing to intervene. She does not identify any specific evidence that she seeks nor does she explain how any evidence that she seeks is vital to her claims. We conclude that such conclusory assertions are insufficient to establish Talley's entitlement to mandamus relief relating to the discovery issue.

## Conclusion

Having determined that Talley is entitled to a de novo hearing on the issues that were decided by the associate judge and that the trial court has failed to hold this hearing, we conditionally grant Talley's petition for writ of mandamus. The writ will only issue in the event the trial court fails to hold a de novo hearing in compliance with Texas

Family Code section 201.015 addressing those issues that were addressed in the associate judge's report within 30 days after the date of this opinion.


                              Mackey K. Hancock
                                    Justice