Nadja L. CASTLE, Appellant,

v.

Kent D. CASTLE, Appellee.

No. 01–87–00032–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1987.

Leslie Dean Guhl, Martin, Carmona, Cruse, Garza & Bunce, Galveston, for appellant.

John R. Green, Fuhrhop, Green & Ferris, Dickinson, for appellee.

Before SMITH, DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

Appellant, Nadja L. Castle, appeals from a divorce decree. In November 1986, a hearing was held on appellant's motion for judgment nunc pro tunc and motion for new trial. Appellant timely requested findings of fact and conclusions of law in November 1986, with a timely reminder in December 1986. Later in December 1986, the court heard and overruled appellant's motion for a nunc pro tunc decree and her motion for new trial.

We reform and affirm.

In point of error one, appellant contends that the trial court erred in the division of the estate by divesting her of her interest in her separate property.

Specifically, appellant claims that she is entitled to two life insurance policies awarded to the appellee, and to 10 personal items.

The evidence shows that there are three life insurance policies with Mutual Benefit Life.

Mr. Broffitt, appellant's father, testified that he purchased two of the insurance policies. One policy (# 05169485) insured the appellee for $50,000 with the appellant as the beneficiary; the other policy (# 03458778) insured the appellant for $10,000 with the appellee as the beneficiary. Broffitt paid the premiums until 1980; then he transferred the $50,000 policy to the appellant and the $10,000 policy to the appellee. The third insurance policy was on appellee's life and was purchased by the Castles during their marriage with community funds. The controversy is over the two policies purchased by Mr. Broffitt. The appellant claims that the two policies purchased by her father were gifts from her father, and are her separate property. We agree that the policies were gifts, but the evidence shows that the $50,000 policy was a gift to the appellant, and the $10,000 policy was a gift to the appellee.

Tex.Fam.Code Ann. § 5.01 (Vernon Supp. 1987) states in pertinent part:

A spouse's separate property consists of: the property acquired by the spouse during marriage by gift, devise, or descent.

Therefore, the policies given by Broffitt are the separate property of the person to whom the gift was given. Since policy # 05169485, the $50,000 policy, was a gift by Broffitt to the appellant, we hold that the trial court abused its discretion in awarding that policy to the appellee. The policy acquired during the marriage insured the appellee for $15,000 with the appellant as beneficiary. This policy is community property.

We further find that the appellee has agreed during the course of oral argument that the appellant could have the pair of

pillows from her grandmother, the afghan from her aunt, and a quilt from a friend. Based upon such concession, these three items listed above are granted to the appellant.

Under Tex.Fam.Code Ann. § 3.63, the trial court has discretion to divide community property as it deems just and right. Further, even if an insured spouse changes the beneficiary after a divorce, it does not affect the first beneficiary's community interest in the proceeds of the policy when payable. *Prudential Ins. Co. of America v. Burke*, 614 S.W.2d 847, 849 (Tex.Civ. App.—Texarkana 1981), *aff'd per curiam*, 621 S.W.2d 596 (Tex.1981).

The court did not abuse its discretion in awarding the $15,000 policy to the appellee.

Point of error one is sustained as to the $50,000 insurance policy # 05169485 and as to the pair of pillows, afghan, and quilt. In all other respects it is overruled.

In point of error two, appellant urges that the trial court erred in awarding each party monthly benefits of $633.50 in the retirement benefits.

The appellant claims that there is no evidence as to the amount of the retirement fund, nor as to the amount of time the appellee was employed by NASA. The record reflects that the appellee was employed by NASA for 20 years. The documentation provided showed $35,256.21 as the sum in the retirement account. The documents indicated that the monthly annuity as of March 1, 1986, would be $1,267, one-half of which is $633.50.

The appellant contends that the NASA retirement records were not offered into evidence and are not properly before this Court. The appellee contends that there was no issue before the trial court on appellee's retirement benefits because all parties were in agreement. He points out that even in the appellant's motion for judgment nunc pro tunc, appellant used the figure of $633.50 as the correct amount of monthly benefits she was to receive from appellee's retirement.

Based on the record before this Court, we find that there was no issue raised as to appellant's retirement benefits, and the trial court correctly awarded the amount of $633.50 monthly to each party.

Point of error two is overruled.

In point of error three, appellant asserts that there is no evidence to support the trial court's award of the benefits of three judgments, which the parties to this suit had against third parties, to the appellee.

In September 1986, a hearing was held to enter judgment. In both the appellant's and the appellee's proposed final decrees submitted to the trial court, the three judgments were awarded to the appellee. Further, the appellant's motion for a nunc pro tunc decree also awarded the three judgments to the appellee.

The trial court has wide discretion in dividing the estate of the husband and wife in a divorce action, and that division should be corrected by an appellate court only when an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696, 698. (Tex.App.—Dallas 1981, no writ).

Based on the evidence and decrees proposed by the parties, we find no abuse of discretion by the trial court in awarding the three judgments to the appellee.

Point of error three is overruled.

In points of error four and five, appellant contends that the trial court failed to prepare findings of fact and conclusions of law. She contends, and the record supports her allegation, that she timely made her request for findings of facts and conclusions of law.

The question then is whether the judgment must be reversed because of the trial judge's failure to comply with the appellant's request. This Court must reverse the judgment unless the record affirmatively shows that no prejudice resulted from the trial court's failure. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944).

In September, a hearing was held on the motions of both parties to enter judgment. The statement of facts for both these proceedings are before this Court.

The court signed the final decree on October 15, 1986. In November, a hearing was held on the appellant's motion for judgment nunc pro tunc and motion for new trial. A statement of facts was not made of this hearing. Appellant claims that the docket sheet supports her contentions. Generally, however, entries on the court's docket sheet are not part of the official record of a case and cannot properly be used for the purpose of modifying or changing the plain effect of an order signed by the judge and entered under his authority. *Lone Star Cement Corp. v. Rush*, 456 S.W.2d 547, 549 (Tex.Civ.App.— Dallas 1970, writ ref'd n.r.e.).

■ The record of the December hearing reflects that appellant only complained that the decree lacked the involuntary assignment of benefits for child support, retirement benefits, and reimbursement to the appellant for the amount of reduction in the principal. The question of retirement benefits has already been discussed under point of error two. The last issue is whether the record shows that the appellant was not harmed by the decree awarding a voluntary assignment of child support benefits for six months, rather than an involuntary assignment. The record indicates that the parties only desired to change the assignment by using the forms used by the Galveston County Child Support Division. No specific harm has been shown by the appellant.

Points of error four and five are overruled.

In points of error six and seven, appellant asserts that the trial court abused its discretion in its division of property.

Tex.Fam.Code Ann. § 3.63 (Vernon 1975) provides:

In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

■ The burden is on the appellant, in this case, to demonstrate from the evidence that the division of property is so unjust and unfair as to constitute an abuse of discretion. *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975). This Court should resolve every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. *Murff*, 615 S.W.2d at 699; *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

The values in dispute are those of the arrowhead collection, the insurance policies, the electronic equipment, pictures, the corporate business promissory notes, and the judgments. The trial judge held that the arrowhead collection was the appellee's separate property. The insurance policies have already been disposed of under point of error one. The only evidence on the value of the electronic equipment is appellee's exhibit #3, which consists of two invoices, totalling $1,964, and that the equipment was bought in May 1980. Therefore, the appellee's estimated value of $1,000 is more accurate than the appellant's value of $5,500. There is no evidence in the record regarding the pictures or the solvency of Creative & Meaningful Innovations Corp. The record indicates that the appellant believed that the corporation was insolvent, and there is no contrary evidence.

The appellant has offered no evidence showing that the trial court abused its discretion in the division of property, and in fact, the appellant offered no evidence concerning the ownership of any of the personal effects about which she complains. Based upon the state of the record before us, we find no abuse of discretion by the trial court in the division of the property.

Points of error six and seven are overruled.

In point of error eight, appellant urges that the trial court erred in denying appellant's motion for judgment nunc pro tunc.

■ Once a judgment has become final, a nunc pro tunc judgment is used only to correct clerical errors. Tex.R.Civ.P. 316; *Stock v. Stock*, 702 S.W.2d 713, 716 (Tex. App.—San Antonio 1985, no writ).

The complained of errors in this case are judicial, and cannot be corrected by a nunc pro tunc judgment. Therefore, the October 15, 1986 judgment is final, and the trial court did not err in denying the appellant's judgment nunc pro tunc.

Point of error eight is overruled.

The judgment of the trial court is reformed to award the appellant her following separate property (1) the $50,000 life insurance policy # 05169485, (2) the pair of pillows given by her grandmother, the afghan given by her aunt, and the quilt given by a friend. In all other respects, the judgment is affirmed.