Opinion issued November 23, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01023–CV




ERIK LEONARD, Appellant

V.

THE HEARST CORPORATION, MARY FLOOD, 
JOHN WILLIAMS, AND JEFF COHEN, Appellees




On Appeal from 278th District Court 
Grimes County, Texas
Trial Court Cause No. 29,693




MEMORANDUM OPINION 

          Appellant, Erik Leonard, acting pro se, filed suit against appellees, The Hearst
Corporation, Mary Flood, John Williams, and Jeff Cohen. In response, appellees
filed a notice informing the trial court that another district court had one year earlier
signed an order declaring Leonard a “vexatious litigant” pursuant to Texas Civil
Practice and Remedies Code Chapter 11. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 11.001–.055 (Vernon 2002). Appellees also notified the trial court that the order
prohibited Leonard from filing pro se any new litigation in a Texas state court, unless
he first obtained permission from the local administrative judge. Because Leonard
had not obtained such permission in this case, the trial court dismissed his suit
pursuant to Civil Practice and Remedies Code section 11.103. See Tex. Civ. Prac.
& Rem. Code Ann. § 11.103(b) (Vernon 2002). On appeal, Leonard raises 11 issues
in which he challenges the trial court’s judgment dismissing his suit against appellees.
          We affirm. 
BACKGROUND
          The following is a timeline of the relevant events:
          •        April 21 2003: A Travis County district court signs an order (“the Travis
County order”) declaring Leonard a vexatious litigant and prohibiting
him from “filing, in propria persona,


 any new litigation in a court of
this state without first obtaining permission from the local
administrative judge of the court in which he intends to file the new
litigation.” 
 
          •        April 22, 2003: The Houston Chronicle publishes an article written by
Flood, which reported that Leonard had been declared a vexatious
litigant by the Travis County district court. 
 
          •        April 8, 2004: Leonard sends “A Request for Permission to File Suit in
propria persona” to the Harris County Administrative Judge, The Hon.
Mark Davidson, seeking permission to file a libel suit against “The
Houston Chronicle et al.” 
 
          •        April 22, 2004: Without first obtaining permission from the local
administrative judge for Grimes County, Leonard, acting pro se, files
this libel suit against appellees in Grimes County district court
(hereinafter “the trial court”) based on the April 22, 2003 newspaper
article. 
 
          •        April 27, 2004: Judge Davidson sends correspondence to Leonard,
which denies Leonard’s request for filing the libel suit. 
 
          •        May 5, 2004: Appellees file their “Notice That Plaintiff Is A Vexatious
Litigant” (“the notice” or “appellees’ notice”) in the trial court. The
notice informs the trial court that, on April 21, 2003, Leonard was
declared a vexatious litigant by a Travis County district court “pursuant
to Chapter 11 of the Texas Civil Practice & Remedies Code.” The
notice also informs the trial court that the Travis County order requires
Leonard to obtain permission from the local administrative judge before
filing, pro se, any suit in a Texas state court. Attached to the notice, and
referenced therein, is a certified copy of the Travis County order
declaring Leonard a vexatious litigant. Pursuant to Civil Practice and
Remedies Code section 11.103, appellees request that the trial court
dismiss Leonard’s suit.
 
          •        May 11, 2004: Appellees file their proposed “Order of Dismissal
Pursuant to Tex. Civ. Prac. & Rem. Code § 11.103” with the trial court.
 
          •        May 17, 2004: Leonard files a response to appellees’ notice that
Leonard has been declared a vexatious litigant.
 
          •        Unknown date: The trial court signs an order dismissing Leonard’s suit
(“the judgment”)


 against appellees pursuant to section 11.103. The
judgment is not dated by the trial court. 
 
          •        June 10, 2004: Leonard files his “Motion for (New) Hearing,”
challenging the trial court’s dismissal of his suit, which is denied by
operation of law.
 
          •        August 9, 2004: Leonard files the instant appeal.
 
          •        July 21, 2005: The Austin Court of Appeals affirms the Travis County
order declaring Leonard a vexatious litigant. See Leonard v. Abbott, No.
03–03–00433–CV, 2005 WL 1702686 (Tex. App.—Austin July 21,
2005, no pet. h.). 
Leonard Must Demonstrate that Judgment Was Prematurely Signed
          In his first issue, Leonard contends that “[t]he Court deprived [him] of [a]
reasonable opportunity to respond to Appellees’ motion to dismiss the cause, and thus
violated Plaintiff’s constitutional right to due process.” In his sixth issue, Leonard
contends that the trial court denied him the right to have a “full ten days” to obtain
the requisite judicial permission to file the instant suit, or at a minimum, hindered his
ability to obtain such permission. Leonard’s seventh issue sets forth his calculation
regarding when his response to appellees’ notice was due. Underpinning these three
issues is Leonard’s claim that the trial court signed the undated judgment on May 11,
2004, three days after Leonard contends that he received appellees’ notice and six
days after appellees filed the notice in the trial court.


 
          Germane to Leonard’s claim is the judgment’s language, as follows:
On May 3, 2004, Defendants filed a Notice that Plaintiff is a Vexatious
Litigant. Exhibit A to that notice is a certified copy of an order of the
53rd District Court of Travis County, Texas, prohibiting Plaintiff Erik
Leonard from filing any new litigation in a court in this state unless he
first obtains permission from the local administrative judge to file this
litigation. More than 10 days have passed since the Defendants filed the
notice that Plaintiff is a vexatious litigant, and Erik Leonard has not
obtained an order from the local administrative judge granting him
permission to file this litigation. Accordingly, this cause is dismissed
pursuant to Texas Civil Practice & Remedies Code § 11.103. 
(Emphasis added.) The relevance of whether 10 days had passed between the filing
of the notice and the signing of the judgment is apparent from the following
provisions of section 11.103:
§ 11.103. Duties of Clerk; Mistaken Filing
(a) A clerk of a court may not file a litigation presented by a
vexatious litigant subject to a prefiling order under Section 11.101
unless the litigant obtains an order from the local administrative judge
permitting the filing.
 
(b) If the clerk mistakenly files a litigation without an order from
the local administrative judge, any party may file with the clerk and
serve on the plaintiff and the other parties to the suit a notice stating that
the plaintiff is a vexatious litigant subject to a prefiling order under
Section 11.101. On the filing of the notice, the court shall immediately
stay the litigation and shall dismiss the litigation unless the plaintiff, not
later than the 10th day after the date the notice is filed, obtains an order
from the local administrative judge under Section 11.102 permitting the
filing of the litigation.
See Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a), (b) (Vernon 2002) (emphasis
added). 
          In support of his first issue, Leonard contends that the trial court’s alleged
premature signing of the judgment on May 11, 2004 denied him “a full and fair
opportunity” to oppose the dismissal of the litigation and to file a motion for
extension of time. Relatedly, in his seventh issue, Leonard contends that he had until
May 17, 2005 to file his response to the notice.


 In his sixth issue, Leonard claims
that the trial court’s signing of the judgment on May 11, 2004 either denied him the
right to obtain the required judicial permission to file suit or hindered him in doing
so. Essential to these issues is Leonard’s presumption that the trial court did not
comply with the 10-day provision of section 11.103 by signing the judgment on May
11, 2004. 
          Such presumption is contrary to well-established Texas law that we must
presume that the trial court’s proceedings and judgment were regular and correct,
unless the record demonstrates otherwise. See Till v. Thomas, 10 S.W.3d 730, 733
(Tex. App.—Houston [1st Dist.] 1999, no pet.); see also McElyea v. Parker, 81
S.W.2d 649, 653 (Tex. 1935) (“Everything must be presumed in favor of the
judgment, which is not concluded by the record.”); Casillas v. State Office of Risk
Mgmnt., 146 S.W.3d 735, 738 (Tex. App.—El Paso 2004, no pet.) (“We presume the
regularity of a judgment absent controverting matter in the record.”). Public policy
favors the validity of judgments. Garza v. Texas Alcoholic Beverage Comm’n, 83
S.W.3d 161, 166 (Tex. App.—El Paso 2000), aff’d, 89 S.W.3d 1 (Tex. 2002); Vickery
v. Commission for Lawyer Discipline, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th
Dist.] 1999, pet. denied). From this public policy grows a general presumption of
validity that is extended to the judgments of courts of general jurisdiction. Garza, 83
S.W.3d at 166; Vickery, 5 S.W.3d at 251; see also Miller v. Hood, 536 S.W.2d 278,
285 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.) (“It is a settled rule in
Texas that a judgment of a court of competent jurisdiction, rendered in the exercise
of its usual powers and regular on its face, imports absolute verity, and carries with
it a presumption of validity unless vice appears on the face thereof or in the record
supporting it.”). Regardless of whether a judgment is assailed either directly or
collaterally, “all presumptions consonant with reason are indulged in order to uphold
the binding effect of such judgment.” Jackson v. Slaughter, 185 S.W.2d 759, 761
(Tex. Civ. App.—Texarkana 1944, writ ref’d w.o.m.); accord Vickery, 5 S.W.3d at
251. The presumption of validity is applied on appeal in inverse relation to the
amount of knowledge available to the appellate court. Vickery, 5 S.W.3d at 251. In
the absence of this presumption, a court’s judgment would have little worth and
“there would be no end to troublesome litigation.” Id. (quoting Williams v. Tooke,
116 S.W.2d 1114, 1120 (Tex. Civ. App.—Texarkana 1938, writ dism’d)). 
          Because the presumption is always in favor of the validity of the judgment, the
burden of demonstrating error on appeal lies with the appellant. Id. at 252; see
Garza, 83 S.W.3d at 166. Leonard has not met this burden by showing that the trial
court erred by prematurely signing the judgment. More particularly, Leonard has not
shown that the trial court signed the judgment on May 11, 2004, as he claims. 
          In his brief, Leonard cites to a copy of the signed judgment found in the record
bearing a file-stamped date of May 11, 2004. However, the record actually contains
two copies of the signed order of dismissal (i.e., judgment), neither of which were
dated by the trial judge. The first signed copy was file stamped by the Grimes County
district clerk’s office on May 11, 2004, and the other copy was file stamped by the
clerk’s office on May 20, 2004. The record also includes appellees’ cover letter to
the district clerk, enclosing for filing their proposed order of dismissal. The cover
letter bears the file-stamped date of May 11, 2004, which corresponds with the file-stamped date on one copy of the signed judgment found in the record. 
          Appellees contend that the other copy of the signed judgment found in the
record, bearing the file-stamped date of May 20, 2004, reflects the true date that the
judgment was signed. Appellees assert that May 20, 2004 was when the trial court
signed the judgment and then filed it with the district clerk. In any event, there is no
indication in the record that the file-stamped date, whether it is May 11 or 20, 2004,
corresponds with the trial court signing of the judgment. 
          We note that the trial court’s docket sheet reflects that the “Order of Dismissal”
was signed on May 11, 2004. However, a docket sheet entry is not part of the official
record of a case and cannot properly be used to modify or to change the plain effect
of the order signed by the trial court. Castle v. Castle, 734 S.W.2d 410, 413 (Tex.
Civ. App.—Houston [1st Dist.] 1987, no writ); Lone Star Cement Corp. v. Rush, 456
S.W.2d 547, 549 (Tex. Civ. App.—Dallas 1970, writ ref’d n.r.e). Rather, the docket
entry is “a memorandum made for the trial court and the clerk’s convenience.” Miller
v. Kendall, 804 S.W.2d 933, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ). 
Courts have consistently held that docket sheets are not part of the record because
“they are inherently unreliable because they lack the formality of orders and
judgments.” Guyot v. Guyot, 3 S.W.3d 243, 246 (Tex. App.—Fort Worth 1999, no
pet.). This rule is especially true if the docket sheet entry is unsigned, as it is in this
case. See W.C. Banks, Inc. v. Team, Inc., 783 S.W.2d 783, 785 (Tex. App.—Houston
[1st Dist.] 1990, no writ). Here, the record includes a signed judgment, which recites
that 10 days had passed since the filing of appellees’ notice. Without an indiction in
the record to the contrary, the signed judgment, which specifically provides that the
dismissal was made pursuant to section 11.103, prevails over the unsigned docket-sheet entry. See Harrington v. Harrington, 742 S.W.2d 722, 724 (Tex.
App.—Houston [1st Dist.] 1987, no writ) (“Recitals in a judgment or signed order of
the court control over a conflicting docket entry.”). 
          In sum, Leonard has not met his burden to rebut the presumption of the 
judgment’s validity. Leonard has not shown that the judgment was signed on May
11, 2004 or signed fewer than 10 days after the notice was filed. Thus, we hold that
Leonard has not established that he was denied due process or otherwise hindered in
filing a response to the notice or in obtaining permission from the local administrative
judge to file suit.
          We overrule appellant’s first, sixth, and seventh issues.
The Date that the Notice was Filed
          In his second issue, Leonard contends as follows: “The order plainly indicates
the dismissal on May 11 was dependent on notion [sic] that Appellees had filed their
‘Notice that Plaintiff is a Vexatious Litigant’ on May 3. Appellees, however,
presented no evidence or any reason for the Court to believe that Appellees filed such
notice on May 3.” Indeed, the record reflects, and appellees concede, that the notice
that Leonard is a vexatious litigant was filed on May 5, 2004, making the recitation
in the judgment that the notice was filed on May 3, 2005 incorrect. However, as
discussed in connection with his first issue, Leonard has shown neither that the trial
court signed the judgment on May 11 nor that the trial court signed the judgment
fewer than 10 days after the notice was filed, regardless of the notice’s filing date. 
          In any event, applying the established rules of construction governing
judgments, express adjudications in the trial court’s judgment control over its recitals.
See Magnolia Petroleum Co. v. Caswell, 1 S.W.2d 597, 600 (Tex. Comm’n App.
1928, judgm’t adopted) (concluding that express order awarding specific tracts of
land controlled over conflicting recital concerning a right-of-way strip). That is, the
factual recitations or reasons preceding the decretal portion of a judgment form no
part of the judgment itself. See Alcantar v. Oklahoma Nat’l Bank, 47 S.W.3d 815,
824 (Tex. App.—Fort Worth 2001, no pet.); Bayliner Marine Corp. v. Elder, 994
S.W.2d 439, 445 (Tex. App.—Beaumont 1999, pet. denied). If a discrepancy appears
between the judgment’s recital and decretal paragraph, a trial court’s recitals,
preceding the decretal portions of the judgment, do not determine the rights and
interests of the parties. Alcantar, 47 S.W.3d at 824. Instead, the decretal provisions
in the judgment control. Id.; Crider v. Cox, 960 S.W.2d 703, 705 (Tex. App.—Tyler
1997, writ denied). 
          Here, the judgment states in its decretal provision that “this cause is dismissed
pursuant to Texas Civil Practice & Remedies Code § 11.103.” Thus, assuming that
the trial court’s recitation that the notice was filed on May 3, 2005 can be
characterized as “conflicting” with the decretal provision, the latter, which states that
the dismissal was effectuated pursuant to section 11.103, controls. We cannot
conclude, as advanced by Leonard, that the trial court did not comply with the
provisions of section 11.103 by basing the dismissal on the notion that the notice was
filed on May 3, 2004. 
          We overrule Leonard’s second issue.
Propriety of the Notice 
          In his third issue, Leonard contends that appellees did not comply with the
provisions of section 11.103 because appellees’ notice did not specifically state that
Leonard was subject to a prefiling order under Civil Practice and Remedies Code
section 11.101. Leonard relies on the language of section 11.103, which provides
that, if the clerk of the court mistakenly files a litigation, then “any party may file
with the clerk and serve on the plaintiff and the other parties to the suit a notice
stating that the plaintiff is a vexatious litigant subject to a prefiling order under
Section 11.101.” Tex. Civ. Prac. & Rem. Code Ann. § 11.103(b) (emphasis added). 
          Leonard points out that appellees’ notice did not specifically mention that he
was subject to a prefiling order under section 11.101. He contends that such alleged
deficiency interfered with his efforts to obtain permission from the local
administrative judge to file suit because the notice did not alert him that obtaining
such permission was “urgent.” We disagree.
          The notice provided that, on April 21, 2003, the Travis County district court
had declared Leonard a vexatious litigant “pursuant to Chapter 11 of the Texas Civil
Practice & Remedies Code” and had prohibited Leonard from “filing, pro se, any new
litigation in a court of this state unless he first obtains permission from the local
administrative judge.” Attached to the notice was a certified copy of the Travis
County district court’s order, which contains language tracking the language of
section 11.101. 
          The notice opened with a statement that it was filed pursuant to section 11.103
and concluded by requesting the trial court to dismiss Leonard’s suit pursuant to
section 11.103. The notice quoted the relevant language of section 11.103, including
the reference to section 11.101. The express language of 11.103, as set out in the
notice, made clear that, on the filing of the notice, Leonard’s suit was subject to being
dismissed if he did not obtain permission from the local administrative judge by the
10th day following the filing of the notice. The notice also attached Leonard’s
request to Judge Davidson, which, as characterized by appellees, “makes it clear that 
Mr. Leonard is aware that he is precluded from filing any lawsuit without permission
from the local administrative judge.” Tex. Civ. Prac. & Rem. Code Ann.
§ 11.103(b) (Vernon 2002).
          We cannot conclude, as urged by Leonard, that the notice did not sufficiently
convey that he was subject to a section 11.101 prefiling order. To the contrary, a
reading of the notice and the attached Travis County order was sufficient to notify
Leonard that appellees sought a section 11.103 dismissal because he was subject to
a section 11.101 prefiling order. As a result, Leonard was alerted that he was
required to obtain permission from the local administrative judge in a timely fashion
or face dismissal. 
          We overrule Leonard’s third issue.
Leonard Shown to be Subject to Section 11.101 Prefiling Order
          In his fourth and fifth issues, Leonard challenges the trial court’s judgment
dismissing his case on the basis that the court did not “inquire,” and appellees did not
show, that he was subject to a section 11.101 prefiling order. Specifically, Leonard
contends that the term “prohibited” used by the Travis County district court in its
April 21, 2003 order has a different meaning from the term “prohibiting” used in
section 11.101.



          Leonard asserts that the term “prohibiting” in section 11.101(a) means
“forbidden by law” or “enjoined.” He further asserts that an alternative definition of
“prohibiting” is “preventing or hindering.” Leonard challenges the propriety of the
trial court’s judgment on the basis that it “expresses dismissal to be proper regardless
of whether ‘prohibiting’ [in the Travis County order] means ‘forbidden by law’ or
instead merely means ‘preventing or hindering’ . . . .” Leonard asserts that appellees
did not show that the Travis County order “enjoined” him from filing future pro se
suits and contends that the order does not serve to “enjoin” him from filing new
litigation.



          We conclude that Leonard’s arguments are without merit. Section 11.101
permits a court to enter an order “prohibiting a person from filing, in propria persona,
a new litigation in a court in this state” if the court finds the person to be a vexatious
litigant and the local administrative judge has not granted permission for the suit to
be filed. Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a) (Vernon 2002). The
Travis County district court entered such an order, which “prohibited” Leonard from
filing future pro se litigation in Texas unless he first obtained the local administrative
judge’s permission. Based on that order, appellees filed a notice pursuant to section
11.103 requesting dismissal of the instant litigation. The trial court signed the
judgment dismissing Leonard’s suit against appellees based on section 11.103. 
          Section 11.103 did not require the trial court to inquire affirmatively, or
appellees to show affirmatively, that the Travis County district court’s use of the term
“prohibited” in its order had the same meaning as the term “prohibiting” found in
section 11.101. Leonard has not cited any authority indicating otherwise. 
          As discussed above, we presume that the trial court’s judgment is valid unless
Leonard shows to the contrary. Here, the certified copy of the Travis County order
attached to appellees’ notice, which order prohibited Leonard from filing future pro
se suits, tracked the language of section 11.101. Thus, the Travis County order, in
tandem with appellees’ notice, was sufficient to show that Leonard was subject to a
section 11.101 prefiling order and was a sufficient basis for the trial court to dismiss
Leonard’s suit under section 11.103.


 See id. § 11.103(b).
          We overrule Leonard’s fourth and fifth issues.
Open Courts Challenge
          In his eighth issue, Leonard asserts that the 10-day period for obtaining
permission from the local administrative judge found in section 11.103 is
“unreasonably short, and therefore violates [the] open courts provisions of the Texas
Constitution.” Leonard contends that “[n]o justification for such a draconian
provision exists.” Leonard claims that the “ten day rule” violates his “right to judicial
access, as provided in Article I, Section 13, of the Texas Constitution.” See Tex.
Const. art. I, § 13 (“All courts shall be open, and every person for an injury done
him, in his lands, goods, person or reputation, shall have remedy by due course of
law.”). 
          When determining the constitutionality of a statute, we begin with the
presumption that it is constitutional. See Enron Corp. v. Spring ISD, 922 S.W.2d
931, 934 (Tex. 1996); Edgewood Indep. Sch. Dist. v. Meno, 917 S.W.2d 717, 725
(Tex. 1995). To prevail on an open courts complaint, a claimant must show (1) that
he has a cognizable common-law cause of action that is being restricted and (2) that
the restriction is unreasonable or arbitrary when balanced against the purpose and
basis of the statute. See Earle v. Ratliff, 998 S.W.2d 882, 889 (Tex. 1999); Sax v.
Votteler, 648 S.W.2d 661, 666 (Tex. 1983); Leonard, No. 03–03–00443–CV, at *3.
          Assuming without deciding that Leonard had a cognizable common-law cause
of action that was “restricted” by section 11.103, which is arguable, we focus on the
second criterion. In this regard, we consider the statute’s general purpose and the
extent to which Leonard’s right to bring his common-law cause of action was
affected. See Leonard, No. 03–03–00443–CV, at *3. Section 11.103 is found in
chapter eleven of the Civil Practice and Remedies Code. The purpose of chapter 11
is to restrict frivolous and vexatious litigation, Id. at *4, and it provides a framework
for courts and attorneys to curb vexatious litigation. Devoll v. State, 155 S.W.3d 498,
501 (Tex. App.—San Antonio 2004, no pet.). 
          Chapter 11 originated in House Bill 3087. The bill analysis from the Civil
Practices Report states the following:
Some litigants abuse the Texas court system by systematically
filing lawsuits with little or no merit. This practice clogs the courts with
repetitious or groundless cases, delays the hearing of legitimate disputes,
wastes taxpayer dollars, and requires defendants to spend money on
legal fees to defend against groundless lawsuits. 
          House Comm. On State Practices, Bill Analysis, Tex. H.B. 3087, 75th
Leg., R.S. (1997). The seriousness of this issue is also reflected in the Legislature’s
enactment of subsection 11.101(b), which provides that “[a] person who disobeys [a
prefiling order under section 11.1101(a)] is subject to contempt of court.” Tex. Civ.
Prac. & Rem. Code Ann. § 11.101(b).
          Here, the newspaper article forming the basis of Leonard’s libel claim was
published on April 22, 2003. The record reflects that Leonard was aware of the
Travis County order prohibiting him from filing pro se lawsuits without first
obtaining the appropriate judicial permission. Leonard waited one year before filing
suit against appellees. During that one-year period, Leonard could have made efforts
either to obtain counsel or to obtain permission to file suit from the local
administrative judge for Grimes County. Section 11.103 became relevant only when
Leonard chose to violate the Travis County order by filing the instant suit. Even then,
appellant had from April 22, 2004, when he filed the suit, until May 15, 2004, 10 days
after appellees’ notice was filed, to obtain permission from the local administrative
judge. In practice, section 11.103(b) operated to give Leonard additional time by
which to obtain the required judicial permission. Accordingly, we cannot conclude
that requiring Leonard to obtain judicial permission by the tenth day following the
filing of appellees’ notice was unreasonable or arbitrary when balanced against the
purpose and basis of the statutory scheme governing vexatious litigants.
          We overrule Leonard’s eighth issue.
Waiver of Remaining Constitutional Issues
          In his ninth issue, Leonard contends that “dismissal based on the fact that [he]
did not have an attorney prior to filing suit violates [his] constitutional right[s] to
judicial access, due process and equal protection. Leonard contends that both the
“‘vexatious litigant’ law and the ‘vexatious litigant’ ruling were too vague.” In his
tenth issue, Leonard contends that his constitutional right to judicial access was
violated because “the law” did not provide him with a reasonable opportunity to
obtain counsel. As a rule, a claim, including a constitutional claim, must have been
asserted in the trial court to be raised on appeal. See Tex. R. App. P. 33.1(a); In re
Commitment of Fisher, 164 S.W.3d 637, 656 (Tex. 2005); Dreyer v. Greene, 871
S.W.2d 697, 698 (Tex. 1993). Because Leonard did not assert in the trial court the
constitutional claims that he raises in his ninth and tenth issues, we do not address
them on appeal. Fisher, 164 S.W.3d at 656; see McIntyre v. Wilson, 50 S.W.3d 674,
688 (Tex. App.—Dallas 2001, pet. denied) (concluding that vexatious litigant’s
constitutional challenges need not be reached on appeal because not raised in trial
court).
          We overrule Leonard’s ninth and tenth issues.
Travis County Order Has Been Affirmed
          In his eleventh issue, Leonard informed this Court that, at the time that he
wrote his brief, his appeal of the Travis County order was pending in the Austin Court
of Appeals. Leonard contended that, if that order was reversed on appeal, then we
must also reverse the trial court’s judgment in this case. As mentioned, the Austin
Court of Appeals recently affirmed the Travis County order. See Leonard, No.
03–03–00433–CV, 2005 WL 1702686. 
          We overrule Leonard’s eleventh issue.
 

Conclusion
          We affirm the judgment of the trial court. 



                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Nuchia, Jennings, and Higley.